UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Hotel, Restaurant and Bar Employees Health and Welfare Fund, Hotel, Restaurant and Bar Employees Pension Fund,

Plaintiffs,

vs.

Western Development, Inc., d/b/a Western Lounge and Dance Club,

Defendant. Civ. No. 00-2546 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of February, 2001.

* * *

On February 15, 2001, the Court heard argument on the Plaintiffs' Motion for Entry of a Default Judgment.[1] At the time of the

---

[1]In addition, the Plaintiffs have requested that the Court issue an Order directing the Defendant to provide them with payroll records, in order to facilitate an accurate computation of damages. Under Rule 55(b)(2), Federal Rules of Civil Procedure, a Court is authorized to " * * * conduct such hearings or order such references as it deems necessary and proper" in determining the amount of damages to be awarded to a party which seeks a Default Judgment. Here, the Plaintiffs are unable to compute the amount of benefit contributions, if any, that they are owed under the terms of the Collective Bargaining Agreement, because the Defendant has failed

(continued...)

9

FILED FEB 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Hearing, the Plaintiffs appeared by Aaron R. Bransky, Esq., and no appearance was made by, or on behalf of, the Defendant.

This is an action to enforce an employer's obligation to make contributions to two multi-employer benefit plans under the terms of a Collective Bargaining Agreement.[2] Prior to the Hearing, the Plaintiff had requested that the Court enter a Default Judgment, pursuant to Rule 55(a), Federal Rules of Civil Procedure, which provides for the Clerk's entry of default where a plaintiff's claim is for a sum certain, or for a sum which can, by computation, be made certain, upon a proper showing that the Defendant has failed to plead or otherwise appear and defend. In support of that Motion, the Plaintiffs filed an Affidavit of No Answer, Identification, and Non-Military Status, Infancy and Incompetency, which avers that the Defendant has not attempted to defend this action.

---

[1](...continued)
to submit employment and payroll records in March of 2000, and from May of 2000 to the present. As such, pursuant to Rule 55(b)(2), we direct the Defendant to submit to the Plaintiffs, or to allow the Plaintiffs to inspect, those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that may be owing to the Plaintiffs under the terms of the applicable Collective Bargaining Agreement.

[2]The Plaintiffs also seek injunctive relief, potential liquidated damages, and an award of interest, attorneys' fees, and costs.

Unbeknownst to the Plaintiffs, however, on December 4, 2000, the Defendant submitted a letter to the Clerk of Court, entitled "Answere to Summons [sic]," as the letter had not been served, by the Defendant, upon the Plaintiffs. The letter did not dispute the averments contained in the Plaintiffs' Complaint but, rather, appears to acknowledge that the Defendant was aware that its obligations had not been met. Notably, the letter was signed by Cliff Lanthier ("Lanthier"), who is purported to be acting pro se, on behalf of the Defendant corporation.

While the Defendant may consider Lanthier's letter, indulgently construed, as constituting a responsive pleading, so as to stave the entry of a Default Judgment, the letter may not bear such a legal effect. As we expressed at the time of the Hearing, under the controlling precedent of this, and other Circuits, a corporation may not be represented pro se. See, Simitar Entertainment, Inc. v. Silva Entertainment, 44 F. Supp.2d 986, 990 (D. Minn. 1999), citing, Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996)(explaining that corporation was technically in default from the date that its counsel was permitted to withdraw without substitution); see also, United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993); Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2nd Cir. 1991). Further, it is also firmly established that a layperson may not represent a cor-

poration in judicial proceedings, as a corporation may only appear by legal counsel. See, Simitar Entertainment, Inc. v. Silva Entertainment, supra at 990, citing, Mendenhall v. Goldsmith, 59 F.3d 685, 687 n. 1 (7th Cir. 1995)(dismissing appeal filed by layperson on behalf of corporation); In re America West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994)("Corporations and other unincorporated associations must appear in Court through an attorney."). Even sole shareholders of corporations are prohibited from representing such corporations pro se. See, Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981); Capital Group, Inc. v. Gaston & Snow, 768 F. Supp. 264, 265 (E.D. Wis. 1991).

Here, Lanthier is not, nor has he purported to be, an attorney licensed to practice law before this Court. Therefore, because the Defendant is a corporation, Lanthier's letter cannot be deemed a responsive pleading for the purposes of Rule 55(a), Federal Rules of Civil Procedure. However, in order to afford the Defendant an adequate opportunity to defend itself in this action, if that should be the Defendant's choice, we delay the entry of Default Judgment, until **March 2, 2001**. If the Defendant has not filed a competent responsive pleading, to the Plaintiffs' Complaint, by that date, then we will recommend to the District Court, the

Honorable Donovan W. Frank presiding, that the Clerk of Court be directed to enter a Default Judgment in the Plaintiffs' favor, without further Notice or proceedings. So as not to further delay the Plaintiffs' effort to secure an accurate accounting of the Defendant's liability to them, if any, we direct the Defendant to make its financial records available to a representative of the Plaintiffs for an audit.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant submit to the Plaintiffs, or allow the Plaintiffs to inspect, those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that may be owing to the Plaintiffs under the terms of the Collective Bargaining Agreement.

2. That, as more fully detailed in the test of this Order, we will defer a ruling on the Plaintiffs' Motion for an Entry of Default until **March 1, 2001**.

3. That, if the Defendant fails to serve and file a competent responsive pleading, to the Plaintiffs' Complaint, by

**March 1, 2001,** we will recommend to the District Court that the Clerk of Court be directed to enter a Default Judgment in the Plaintiffs' favor, without further Notice or proceedings.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE